UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CR-311-MOC-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| NICK BIANCO MILLER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's motions to appoint counsel. (Doc. Nos. 47, 48). Defendant seeks assistance of counsel for his motion to reduce sentence under Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). The Government interprets Defendant's motion to appoint counsel as a motion for reduced sentence, which the Government opposes. (Doc. No. 53).

**I.    Background**

In October 2019, a federal grand jury indicted Defendant and charged him with Hobbs Act robbery, 18 U.S.C. § 1951; discharging a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c); and possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1). (Doc. No. 1). Defendant entered into a plea agreement with the United States and pleaded guilty to the robbery and § 924(c) offenses. (Doc. Nos. 18, 20). The Government dismissed the § 924(c) count after the Supreme Court held in United States v. Taylor, 596 U.S. 845 (2022), that attempted Hobbs Act robbery is not a "crime of violence" sufficient to support a § 924(c) charge.

1

The probation office concluded that the Sentencing Guidelines advised between 97 and 121 months in prison based on Defendant's total offense level of 28 and criminal history category of III. (Doc. No. 34 ¶ 60). Because Defendant committed the instant offense while on probation, the probation office assessed Defendant two additional criminal history points. (Id. ¶ 38). A statutory maximum reduced the top of the guideline range to 120 months. (Id. ¶ 59). The Court sentenced Defendant to 105 months in prison, in the middle of the advisory guideline range. (Doc. No. 42 at 2).

## II. Legal Standard

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently

2

been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

**III.     Analysis**

The Government concedes that Defendant is eligible for an Amendment 821 sentence reduction. (Doc. No. 53 at 3). Defendant received two additional criminal history points because he committed his offense while on probation. Under Amendment 821, he would not receive those criminal history points because he received fewer than seven criminal history points related to his prior convictions. Without those two criminal history points, Defendant's criminal history category would be reduced from category III to category II. Consequently, Defendant's advisory guideline range would be reduced to 87 to 108 months in prison. Thus, Defendant is eligible for a sentence reduction to 87 months in prison. A reduction that reflects the original middle-range sentence imposed under the then-applicable guidelines would be 94 months in prison.

The Court will grant Defendant's motion for sentence reduction. Defendant has not committed any disciplinary infractions while in the Bureau of Prisons. He has further "completed a significant number of educational courses." (Doc. No. 53 at 6). True, Defendant's offense conduct is serious: He shot a senior citizen, causing life-threatening injury. Defendant's criminal history also gives the Court pause: he was previously convicted of state crimes, including a firearm offense. (Doc. No. 34 ¶¶ 35–36). Nonetheless, the Court finds that a 94-month sentence is sufficient to deter Defendant from continuing his pattern of criminal behavior. Likewise, the Court finds that a 94-month sentence is sufficient to rehabilitate Defendant and thus protect the public.

In light of the sentencing factors at 18 U.S.C. § 3553(a), and because Defendant has proven willing to abide by the laws and improve himself while incarcerated, the Court will reduce Defendant's sentence by eleven months.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to reduce sentence pursuant to USSC Amendment 821 is **GRANTED**.

The Court sentences Defendant to a term of 94 months imprisonment.

Max O. Cogburn Jr.
United States District Judge